David Anaise MD JD
177 North Church Avenue Suite 883
Tucson AZ 85701
Phone: 520-882-3622
Arizona State Bar No. 019653
Email: danaise2002@yahoo.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Robert Manuel Vega, | ) | Case No.: _____ |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| Carondelet Health Network, and | ) | |
| | ) | |
| Ascension Health, and | ) | |
| | ) | |
| Sedgwick Claims Management Services, Inc., | ) | |
| | ) | |
| Defendants. | | |

For his claim against Defendants, Plaintiff, Mr. Robert Vega , alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. Plaintiff, Mr. Robert Vega, ("Plaintiff "), is a resident of Pima County, Arizona and a former employee of Carondelet Health Network, ("employer" or "Carondelet").

3. Defendant, Carondelet, is the policyholder, which adopted the Ascension Health Long-Term Disability Plan, ("the Plan"), which is a benefit feature under the Ascension Health Welfare Benefits Plan.

- 1 -

4. Defendant, Carondelet, is affiliated with Ascension Health, and adopted the Ascension Health Long Term Disability Plan, ("the Plan"), a purported ERISA benefit plan, for the benefit of its eligible employees per an adoption agreement dated June 1, 2008.

5. Defendant, Ascension Health ("Ascension"), is a not-for-profit corporation formed under the laws of the State of Missouri, and has been acting as the Plan Sponsor and Administrator (jointly administering the Plan with Defendant Sedgwick Claims Management Service, Inc.);

6. Defendant, Sedgwick Claims Management Service, Inc., ("Sedgwick"), has been acting as the claims administrator and the joint plan administrator for the relevant policy of insurance.

7. Defendants, Ascension and Sedgwick, are the joint plan administrators.

8. The Plan is part of a purported ERISA employee welfare plan, established, funded, and maintained by employer and administered by Ascension and Sedgwick.

9. Ascension and Sedgwick are Plan Fiduciaries as defined by ERISA.

10. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. §1132, and because the Plan and Ascension and Sedgwick have caused events to occur in Arizona out of which Plaintiff's claims arise.

11. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §1132(a), (e), 28 U.S.C. §1331 (federal question); and 28 U.S.C. §2201-02 (declaratory judgments).

12. Venue is proper in this District by virtue of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

13. Employer provided certain employees with long-term disability insurance pursuant to the Plan.

14. At all relevant times, Plaintiff was a Carondelet employee, became a covered individual under the Plan, and remained continuously employed.

15. Plaintiff qualified for the Long Term Disability Benefits under the Plan.

16. Under the terms of the Plan, Ascension and Sedgwick promise and become obligated to pay covered long-term disability insurance benefits to Plaintiff:

> "[If] due to an Injury or Sickness which is supported by objective medical evidence, (a) the Participant requires and is receiving from a Licensed Physician regular, ongoing medical care and is following the course of treatment recommended by the Licensed Physician; and (b) either (1) or (2) below is satisfied:  (1) The Participant is unable to perform:  (A) during the first 24 months of Benefit payments, or eligibility for Benefit payments, each of the Material Duties of the Participant's Regular Occupation; and  (B) after the first 24 months of Benefit payments, or eligibility for Benefit payments, any work or service for which the Participant is reasonably qualified taking into consideration the Participant's training, education, experience and past earnings.  (2) the Participant, while unable to perform each of the Material Duties of the Participant's Regular Occupation on a full-time basis, is  (A) performing at least one of the material Duties of the Participant's Regular Occupation or any other work or service on a part-time or full-time basis; and  (B) the Participant's earnings or work, while disabled do not exceed 80% of the Participant's pre-Disability Basic Monthly Earnings."  (See Plan, pages 2-3)

17. Prior to becoming disabled, Plaintiff was a Stationary Engineer in the Power Plant Department in the Facilities Management Division.

18. On December 11, 2009, Plaintiff became disabled and was unable to perform the duties of his occupation as a Stationary Engineer.  Sedgwick approved Plaintiff's application for Ascension Health Long-Term Disability Insurance Benefits on May 20, 2010.

19. Plaintiff suffers from severe degenerative joint disease of the knee, which prevents him from being able to perform each of the material duties of his regular occupation, or any other work or service for which he is reasonably qualified taking into account his training, education, experience, and past earnings.

20. Plaintiff continues to be totally disabled as defined by the Plan.

21. Sedgwick terminated Plaintiff's long-term disability benefits as of February 28, 2011.

22. The contract between defendants and Plaintiff requires defendants to pay Plaintiff disability benefits, if he is unable to do his job as a Stationary Engineer.

23. Plaintiff's treating physicians have placed restrictions and limitations upon his capacity to work.

24. Plaintiff has been awarded Social Security Disability Insurance benefits.

25. Sedgwick's denial was erroneous, contrary to, and in breach of the terms of coverage, and was based on erroneous information and false assumptions.  The denial was based upon an incomplete, biased record, directed, and steered by Sedgwick's own claims process, without basis in objective research, fact, or analysis.  Sedgwick placed its financial interests ahead of Plaintiff's interest.

26. Plaintiff has satisfied all of the jurisdictional prerequisites to filing a claim in Federal Court.

27. On information and belief, Plaintiff, may be entitled to additional benefits from Carondelet as a disabled employee including, but not limited to, health insurance, life insurance, and retirement/pension credits.

## COUNT I

## <u>RECOVERY OF INSURANCE AND PLAN BENEFITS</u>

28. Plaintiff incorporates and re-alleges all previous allegations.

29. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 5 U.S.C. § 1002. Defendants are administrators and fiduciaries of said Plan under the provisions of ERISA.

30. Sedgwick and the Plan offer long-term disability coverage and a promise to provide long-term disability benefits until Plaintiff is no longer disabled under the terms of the Plan.

31. Plaintiff became disabled on December 11, 2009, continues to be disabled, is unable to perform the duties of his occupation or any other gainful occupation under the terms of the LTD Plan, and has claimed the benefits under the LTD Plan to which he is entitled.

32. Plaintiff reasonably expected that his conditions met the requirements of Total Disability as defined by the LTD Plan.

33. Despite the coverage of Plaintiff's long-term disability, Sedgwick has improperly denied long-term disability benefits to Plaintiff in breach of the Plan.  This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

34. Sedgwick's determination that Plaintiff was not entitled to benefits was influenced by an improper conflict of interest.

35. Plaintiff has exhausted his administrative remedies.

36. The validity of a claim to benefits under an ERISA plan is reviewed under a de novo standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.  If the

Plan gives the administrator or fiduciary this discretionary authority, the courts review a denial of benefits for abuse of discretion.

37. A fiduciary's "conflict of interest" is a "factor in determining whether there is an abuse of discretion." *Saffon v. Wells Fargo & Company Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir.2008) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)) (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)).

38. "Consequently, where the Plan grants the plan administrator discretionary authority, it is only the first step in determining the standard by which the Court reviews its denial of benefits." *Id*. The degree of deference to accord varies significantly, depending on whether or not the plan administrator labored under a conflict of interest. *Id.*

39. The Ninth Circuit recognizes that there is an "inherent conflict that exists when a plan administrator both administers the plan and funds it." *Id*. (citing *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006) (en banc)). Whether or not the plan administrator labored under a conflict of interest is not contained in the administrative records and requires discovery prior to the parties filing motions for summary judgment.

40. Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C.§ 1132(a)(I)(B), and to applicable federal and state common law, Plaintiff is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce his rights under the terms of the LTD Plan. Plaintiff is further entitled, under the terms of ERISA, 29 U.S.C. § I 132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202,

to clarification in this action in this Court of his rights to future benefits under the LTD Plan.

41. Plaintiff is entitled to reinstatement of any other employee benefits which were terminated, discontinued, or suspended as a result of the termination of his disability benefits.

42. Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to recover his attorney's fees and costs incurred herein from Carondelet, Sedgwick, and Ascension.

43. Plaintiff is entitled to prejudgment interest on the benefits to which he is entitled, and on his damages at the highest legal rate until paid.

WHEREFORE, Plaintiff prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due Plaintiff under the terms of the LTD Plan;

B. Enforcing Plaintiff's rights under the terms of the LTD Plan;

C. Clarifying and determining Plaintiff's rights to future benefits under the terms of the LTD Plan;

D. For an award of Plaintiff's attorney's fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such other and further relief as the Court deems just and reasonable.

WHEREFORE Plaintiff prays for relief from Defendants for the payment of disability benefits, plus attorney's fees and costs, and any other such further relief, as the Court deems proper.

RESPECTFULLY SUBMITTED August 16, 2012.

By    s/DAnaise

David Anaise, M.D., J.D.
Attorney for Plaintiff

%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%%

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. Courtesy copy to be delivered on or about August 17, 2012, to:

United States District Court, District of Arizona
405 W. Congress, Suite 1500
Tucson, AZ 85701-2417

Copy of the foregoing to be served via process server on the following with the summons (when issued):

Carondelet Health Network
Through:
Sarah L. Marsh, Benefits Specialist
Human Resources – Benefits
2202 N Forbes Blvd
Tucson AZ 85745

And

Sedgwick Claims Management Services, Inc.
Through:
Arizona Department of Insurance
2910 North 44th Street 2nd Floor
Phoenix AZ 85018

And

Ascension Health
ATTN: Agent for Service of Legal Process
4600 Edmundson Road
St. Louis  MO 63134
(314) 733-8000

s Pamela Moore de Gamboa
Asst. to Atty. David Anaise

G:\clientsP\Vega, Robert\DC ERISA\Vega ERISA complaint - final 8-16-12.docx